JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16–3931 PA (ASx) | Date | June 7, 2016 |
|---|---|---|---|
| Title | Shala Shakibaei v. Yanwen Chen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Removing Defendant") on June 3, 2016.  Removing Defendant is one of three named defendants in an action originally filed in Los Angeles Superior Court.  The other named defendants, Yanwen Chen and First American Title Insurance Company, have not joined in the removal.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    All proper defendants in an action must join or consent to a notice of removal.  28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  Prize Frize, 167 F.3d at 1266.  A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient.  See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16–3931 PA (ASx) | Date | June 7, 2016 |
|---|---|---|---|
| Title | Shala Shakibaei v. Yanwen Chen, et al. | | |

    Here, Removing Defendant states: "Based on a review of the state court docket, no other defendants appeared in the State Court Action." (Notice of Removal, ¶ 3.) These allegations are insufficient. See Pianvoski, 924 F. Supp. at 87. The fact that the other named defendants have not appeared in the state court action does not establish that those defendants have not been served with the Summons and Complaint and that their joinder in the removal is therefore not required. Indeed, allegations made on information and belief are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1267 (D. Ore. 2001); Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (finding that statement "'upon information and belief [that non-removing defendant] does not object to this Petition for Removal' . . . is not sufficient . . . to satisfy the requirements of § 1446").

    The Court therefore concludes that Removing Defendant's failure to affirmatively explain the absence of the other defendants renders the Notice of Removal procedurally defective. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266. Accordingly, this action is remanded to Los Angeles Superior Court, Case No. BC 619019, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c); Prize Frize, 167 F.3d at 1266. The Court stays this order until June 13, 2016. If Plaintiff wishes to waive the procedural defects and, as a result, remain in federal court, she must file a Notice of Waiver of Procedural Defects no later than June 13, 2016. If Plaintiff does not do file such a Notice, the Court will conclude that Plaintiff has not waived the procedural defect. After that date, the Court will remand this action to Los Angeles Superior Court as a result of the procedural defects in the Notice of Removal.

    IT IS SO ORDERED.